**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FINOVA Capital Corporation, | |
| Plaintiff, | No. CIV 02-1277-PHX RCB |
| Vs. | O R D E R |
| Richard A. Arledge, Inc., d/b/a Arledge Motor Co., et al., | |
| Defendants. | |

**I.   Introduction**

On August 24, 2005, Defendants Richard A. Arledge, Inc., et al. ("the Arledges") filed an application for a temporary restraining order (with notice) ("TRO") and an order to show cause, or, alternatively, an application for a prejudgment writ of attachment. Motion (doc. 204). Plaintiff FINOVA Capital Corporation ("FINOVA") opposed the motion. Resp. (doc. 207). This motion was fully briefed on September 14, 2005, and ruled upon in the Court's Order of September 21, 2005. Order (doc. 210). In its Order, the Court granted the Arledges' request for a writ of attachment,

however, the Court found insufficient evidence to support the issuance of a TRO. <u>Id.</u> The Court set a hearing on the Arledges' application for a preliminary injunction, and such hearing took place on October 24, 2005. <u>Id.</u> After having carefully considered the arguments presented by the parties, the court now rules on the application.

**II. Background Facts**

The Court refers to the Order of September 21, 2005, for an extensive description of the procedural and factual background of this case. Order (doc. 210) at 1-5.

**III.   Standard**

In order for a party to show that it is entitled to a preliminary injunction, it must demonstrate either:

> (1) [A] likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.

<u>MIA Sys. Corp. v. Peak Computers, Inc.</u>, 991 F.2d 511, 516 (9th Cir. 1993), <u>citing</u>, <u>Diamontiney v. Borg</u>, 918 F.2d 793, 795 (9th Cir. 1990). Under any formulation of the standard, however, the plaintiff "must demonstrate that there exists a significant threat of irreparable injury." <u>Oakland Tribune, Inc. v. Chronicle Pub. Co. Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).

The purpose of a preliminary injunction is to preserve the status quo among the parties until a final resolution of the merits of the action can be reached. <u>Regents of Univ. of California v. American Broadcasting Companies, Inc.</u>, 747 F.2d 511, 514 (9th Cir. 1984). As noted by the United States Supreme Court, "[i]t

frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) citing, 11A C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2948, pp. 129-130 (2d ed. 1995).

**IV. Preliminary Injunction**

FINOVA opposes the Arledges' application for a preliminary injunction for three main reasons. First, FINOVA argues that the Court has already granted the Arledges an adequate remedy at law, thus any further relief would be inappropriate. Memo. (doc. 218) at 10-11. Specifically, FINOVA points out that the Arledges sought and were granted a writ of attachment in the Court's Order of September 21, 2005. Id.; Order (doc. 210). FINOVA asserts that such relief is sufficient and no further remedy is necessary. Memo. (doc. 218) at 10-11. Finova's position is correct.

Second, FINOVA asserts that a preliminary injunction would be futile because FINOVA has no unencumbered assets. Resp. (doc. 207) at 2; Memo. (doc. 218) at 11-12. FINOVA states that it has no unencumbered assets against which the Arledges can ever recover on their counterclaim. Resp. (doc. 207) at 4; Memo. (doc. 218) at 11-12. Thus, FINOVA argues that it would be futile for the Court to enjoin the liquidation of its assets pending trial as the Arledges will not benefit from such relief and the orderly liquidation of such assets would be disrupted. Resp. (doc. 207) at 10; Memo. (doc. 218) at 12.

At the hearing on October 24, 2005, Richard A. Ross, Senior Vice President, Chief Financial Officer and Treasurer of FINOVA,

1  testified that all of FINOVA's assets are encumbered, with the
2  exception of 9 aircraft leveraged leases (eight Northwest Airlines
3  leases and one Continental Airlines lease) and a $65 million
4  Atlantic Trust Bank Account. See Memo. (doc. 218) at 8. The
5  Arledges do not contest that the remainder of FINOVA's assets are
6  encumbered.
7  　　　With respect to the Northwest aircraft leases, there is no
8  doubt that they are valueless based upon the Northwest bankruptcy.
9  Hearing Transcript, Oct. 24, 2005 at 03:56:23PM-03:56:55PM.
10 Consequently, only the Continental aircraft lease may have any
11 value, however any proceeds received from that lease are
12 encumbered. Id. at 02:34:32PM-02:34:52PM, 02:41:20PM-02:41:54PM,
13 03:56:55PM-03:03:57:00PM.
14 　　　In regards to the $65 million Atlantic Trust Bank Account,
15 Ross stated that the money in this account is secured for the
16 benefit of a collateral trustee. Id. at 02:43:00PM, 03:43:01PM-
17 03:46:40PM, 03:57:05PM-04:00:06PM. Hence, these assets are
18 encumbered as well, leaving none of FINOVA's assets unencumbered.
19 In light of this information, the Court concludes that the issuance
20 of a preliminary injunction against FINOVA in this case would be
21 futile.
22 　　　Third, FINOVA argues that the Arledges have not shown a
23 likelihood of success on the merits of their counterclaim. Memo.
24 (doc. 218) at 12-14. The Court noted in its Order of August 25,
25 2004, and reiterated in its Order of September 21, 2005, that the
26 question of who's burden it would be to establish who had the
27 responsibility to monitor the minimum net cash flow covenant is at
28 issue. Order (doc. 167); Order (doc. 210). However, in light of the

1  previously granted writ of attachment and the futility of the
2  issuance of a preliminary injunction in this case, the Court need
3  not reach the issue as to whether the Arledges have shown a
4  likelihood of success on the merits of their counterclaim.
5      Therefore,
6      IT IS ORDERED that the Arledges' application for a preliminary
7  injunction (doc. 204) is DENIED.
8      DATED this 6th day of January, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record.