WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FINOVA Capital Corporation, ) | |
| ) | |
| Plaintiff, ) | No. CIV 02-1277-PHX RCB |
| ) | |
| Vs. ) | O R D E R |
| ) | |
| Richard A. Arledge, Inc., ) | |
| d/b/a Arledge Motor Co., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ——————————————————) | |

On July 10, 2002, Plaintiff FINOVA Capital Corporation ("FINOVA") filed a complaint against Defendants Richard A. Arledge, Inc., d/b/a Arledge Motor Co., et al. ("the Arledges"), in this Court. Compt. (doc. 1). On August 25, 2004, the Court granted partial summary judgment in favor of the Arledges.  Order (doc. 167) at 33.  The bench trial on the remaining claims and counterclaims between the parties is scheduled to begin on April 11, 2006.  Final Pretrial Order (doc. 231).

Prior to the start of the trial, FINOVA has filed two motions in limine seeking the exclusion of certain evidence, and a motion

1   to supplement the final pretrial order in this matter.  Mot. to

2   Exclude Evid. (doc. 237); Mot. to Exclude Damages Evid. (doc. 238);

3   Mot. to Supp. (doc. 241).  These motions were fully briefed on

4   March 28, 2006.  Reply Mot. to Supp. (doc. 249).  The Court has

5   considered the arguments presented and is now prepared to rule.

6   **I.   FINOVA's Motion to Exclude Evidence Conflicting with Summary**

7       **Judgment Ruling**

8       In its first motion in limine, FINOVA requests that the Court,

9   for purposes of trial, force both sides to accept the findings and

10   conclusions made by the Court during its analysis of the material

11   facts in its Order dated August 25, 2004.  Mot. to Exclude Evid.

12   (doc. 237) at 1-2.  Specifically, FINOVA submits that the Court

13   should bind the parties at trial to the following determinations:

14       1.   That, although the parties may disagree as to
the precise amount of AMC's cash flow shortfall,

15       Defendant/Counter-Claimant Richard A. Arledge,
Inc., d.b.a. Arledge Motor Co. ("AMC") violated

16       the Minimum Net Cash Flow Covenant to at least
some extent, as noticed by FINOVA in its default

17       notice dated May 7, 2002; and

18       2.   That AMC had a right to cure such default
within the ten-day cure period under Section

19       7.1(B) of the Loan Agreement.

20   Id. at 2.  FINOVA asserts that these determinations were set forth

21   as findings of fact and conclusions of law in the Court's prior

22   Partial Summary Judgement Order.  Id. at 2-4.

23       In response, the Arledges agree that the issue as to whether

24   AMC had a right to cure has been resolved by the Court and the

25   parties should be bound by that ruling.  Resp. Mot. to Exclude

26   Evid. (doc. 247) at 4.  However, the Arledges contest FINOVA's

27   motion in relation to the issue of whether there was an actual

28   violation of the Minimum Net Cash Flow Covenant ("MNCFC").  Id. at

2-6.  The Arledges maintain that the Court never made any judicial findings in relation to the alleged breach of the MNCFC, but, instead, merely discussed it in relation to the other matters that were reviewed at that time.  Id. at 3.

The Court believes this motion is, essentially, a motion to reconsider, except to the extent the Arledges assert that the Court never considered the issue of the alleged breach of the MNCFC in its prior order and that the comments from the order, cited by FINOVA, were only made in relation to the other findings that were made therein.  The Court is troubled by the extensive delay in raising this issue, but, on balance, will allow evidence on the issue of the alleged breach of the MNCFC, but not on the issue of the Arledges' right to cure.

**II.  FINOVA's Motion to Exclude Evidence Regarding Damages**

In its second motion in limine, FINOVA seeks entry of an order prohibiting the Arledges from offering evidence to support certain business loss damages that, FINOVA argues, are either duplicative or were not properly disclosed.  Mot. to Exclude Damages Evid. (doc. 238) at 1.  First, FINOVA asserts that the damages the Arledges define as "Lost receivables and inventory," and those accounted for in the damage expert report of Donald Erickson, are the same.  In general, FINOVA contends that "Defendants seek to recover not only the profits allegedly lost by AMC as a result of the UCC sale, but also the alleged value of AMC's assets foreclosed upon by FINOVA (which would have been used by AMC to generate the alleged lost profits)."  Id. at 4.  FINOVA argues that such duplicative damages are inappropriate, and, thus, requests that the Court preclude the Arledges from introducing evidence on the value

of the assets sold at the UCC sale as a component of their damage claim.  Id. at 4-5.

Second, FINOVA asks the Court to preclude the Arledges from attempting to introduce at trial evidence in support of their claimed "incidental" and "consequential" damages.  Id. at 6. FINOVA asserts that such a sanction is appropriate, because the Arledges failed to provide either computations of such damages or the documents upon which such computations are based, in violation of Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure.  Id. at 5.

In response, the Arledges object to FINOVA's motion. They argue that the damages they seek as "Lost receivables and inventory" and those defined in Erickson's report are not duplicative.  Resp. Mot. to Exclude Damages Evid. (doc. 246) at 4-7.  Additionally, they assert that the appropriate documentation regarding the Arledges' "incidental" and "consequential" damages was provided to FINOVA, and, if FINOVA required more explanation of such damage claims, it should have moved the Court to order additional disclosures.  Id. at 3, 7-8.  The Court agrees.

As to the issue of whether the Arledges are seeking duplicative damages, the Court, at trial, shall determine what damages evidence it will consider.  At that point, the parties may argue their positions on the damages claims, examine each other's witnesses regarding damages, and argue whether such damages are duplicative.  The Court finds it inappropriate to resolve this issue at this time.

Additionally, in relation to the Arledges' claimed "incidental" and "consequential" damages, the Court finds FINOVA's

1   assertion untimely.  If FINOVA believed that a further explanation
2   of the contested damages claims was necessary, it should have filed
3   a motion to compel.  The Court shall deny FINOVA's motion.
4   **III. FINOVA's Motion to Supplement Final Pretrial Order**
5         Finally, FINOVA filed a motion requesting that the Court enter
6   an order supplementing the Final Pretrial Order in this matter.
7   Mot. to Supp. (doc. 241).  Specifically, FINOVA seeks to supplement
8   the Final Pretrial Order with an email sent from Ryan De Witte to
9   Jim Montgomery and dated May 17, 2002 ("De Witte Email").  Id. at
10  1.  In its motion, FINOVA explains that it originally believed that
11  the De Witte Email was identical to the document currently filed as
12  Defendants' Exhibit 124.  Id.  However, upon closer review, FINOVA
13  determined that the documents are not the same, and, thus, now
14  seeks to add the De Witte Email to the Final Pretrial Order.  Id.
15        The Arledges contest FINOVA's motion, and ask that the Court
16  to deny FINOVA's request.  Resp. Mot. to Supp. (doc. 248) at 2.  In
17  their response, the Arledges argue that the motion should be
18  denied, because FINOVA does not present sufficient reasons to
19  justify its failure to include the exhibit in the original Final
20  Pretrial Order.  Id.  Furthermore, the Arledges assert that FINOVA
21  fails to establish how denying its motion would work the "manifest
22  injustice" required by Rule 16(e) of the Federal Rules of Civil
23  Procedure.  Id.  Finally, the Arledges maintain that they would be
24  prejudiced by the addition of the De Witte Email, "because [they]
25  have relied upon Plaintiff's exhibit list in preparing its
26  examinations and cross-examinations."  Id. at 3.
27        Under Rule 16(e), a court can modify a pretrial order if, in
28  its discretion, modification is necessary "to prevent manifest

injustice."  The factors to consider when modification of a
pretrial order is requested include the following:

> (1) the degree of prejudice to the moving party resulting
> from a failure to modify;
> (2) the degree of prejudice to the opposing party resulting
> from a modification;
> (3) the impact of the modification on the orderly and
> efficient conduct of the case at the present stage of
> litigation; and,
> (4) the degree of willfulness, bad faith or excusable
> neglect on the part of the moving party.

See U.S. v. First Nat'l Bank, 652 F.2d 882, 887 (9th Cir. 1981).

After considering the factors enumerated above, the Court
concludes that the Final Pretrial Order may be modified.  The Court
finds that the Arledges have not demonstrated that they would be
prejudiced by the addition of the De Witte Email to the Final
Pretrial Order.  The prejudice they claim is not sufficiently
severe.  Thus, the Court shall grant FINOVA's motion.

Therefore,

IT IS ORDERED that FINOVA's Motion to Exclude Evidence
Conflicting with Summary Judgment Ruling (doc. 237) is GRANTED in
part and DENIED in part.

IT IS FURTHER ORDERED that FINOVA's Motion to Exclude Evidence
Regarding Damages (doc. 238) is DENIED.

IT IS FURTHER ORDERED that FINOVA's Motion to Supplement Final
. . .

1  Pretrial Order (doc. 241) is GRANTED.

2       DATED this 31st day of March, 2006.

3

4

5       _____
        Robert C. Broomfield
6       Senior United States District Judge

7

8  Copies to counsel of record

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28