**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| FINOVA Capital Corporation, a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>Richard A. Arledge, Inc., a Texas corporation d.b.a. Arledge Motor Co.; Richard A. Arledge, individually and as the husband of Peggy L. Arledge; and Peggy L. Arledge, individually and as the wife of Richard A. Arledge,<br><br>    Defendants. | No.   02-1277-PHX-RCB<br><br>**O R D E R** |

    On September 20, 2006, a monetary judgment (doc. 269), which was amended on July 27, 2007 (doc. 296) ("the judgment"), was entered in favor of FINOVA and against defendants.  "[T]he judgment is in the net principal amount of $1,663,809.42 . . . in favor of FINOVA and against, jointly and severally defendant Richard A. Arledge, Inc. d/b/a Arledge Motor Company, Richard A.

1  Arledge and Peggy Arledge (. . . "the Defendants")."  Mot. (doc.
2  297) at 2.  On July 30, 2007, defendants timely filed a Notice of
3  Appeal in the Ninth Circuit (doc. 299).  Currently pending before
4  the court is a motion by plaintiff FINOVA Capital Corporation
5  ("FINOVA") for entry of an order allowing registration of that
6  judgment pursuant to 28 U.S.C. § 1963 (doc. 297); and a cross-
7  motion by defendants to "approve an alternative bond" and for a
8  stay pursuant to Fed. R. Civ. P. 62(d) (doc. 302).

### *Background*

10   Defendants maintain that the only asset they have which is
11 not protected from seizure is a parcel of real estate located at
12 415 N. Central Expressway, Richardson, Texas 75080 ("the
13 property").[1]  "As part of the Loan and Security Agreement, made
14 the subject of this lawsuit, [defendants] [Richard] Arledge and
15 Peggy L. Arledge pledged th[at] Property as security for their
16 Continuing Guaranty."  Resp. & Cross-Mot. (doc. 302) at 2.
17 Consequently, FINOVA "has a second lien position behind Legacy
18 Texas Bank, the purchase money lender for the Property."  Id. at
19 2-3.

20   FINOVA is seeking to register its judgment in, among other
21 places, the Northern District of Texas where the property is
22 located.  Defendants are cross-moving pursuant to Fed. R. Civ. P.

---

[1]  It is FINOVA's belief that the property is the only asset defendants have which would be subject to execution based upon the judgment.  The opposite seems to be the case, however.  Defendants unequivocally state that "[t]he only asset that [they] have that is *not* protected from seizure, is . . . the [p]roperty[.]" Resp. & Cross-Mot. (doc. 302) at 2 (emphasis added); see also Reply (doc. 307) at 4 n.10 ("Defendants do not believe any other non-exempt assets exist at this time.")  Based upon these representations, it does not appear, as FINOVA suggests, that defendants "are attempting to prevent [it] from exercising *any* meaningful collection activities." Resp. (doc. 306) at 4 (emphasis in original).

-2-

1  62(d) to be allowed to provide alternative security in the form
2  of an injunction and a $10,000.00 bond, and for a partial stay of
3  execution of that judgment.

4  ***I.   Registration of Judgment***

5   FINOVA specifically "requests the entry of an Order allowing
6  it to register the Judgment under 28 U.S.C. § 1963 *in one or more*
7  *districts outside of Arizona*, including, *without limitation*, the
8  Northern District of Texas[,]" where the subject property is
9  located.  Mot. (doc. 297) at 3 (emphasis added).  28 U.S.C.
10 §1963.  That statute reads in pertinent part as follows:

>     A judgment in an action for the recovery
> of money . . . entered in any . . . , district
> court, . . . may be registered by filing a certified
> copy of the judgment in any other district . . .
> when ordered by the court that entered the judgment
> for good cause shown. . . . .  A judgment so
> registered shall have the same effect as a
> judgment of the district where registered
> and may be enforced in like manner.

16 28 U.S.C. § 1963 (West 2006).  Defendants agree that FINOVA has a
17 "right . . . to register the Judgment in Texas" under section
18 1963.  Resp. & Cross-Mot. (doc. 302) at 2.  Accordingly, they "do
19 not oppose this relief."  Id.; see also id. at 3-4 ("Defendants
20 are not opposing Finova's motion to register the Amended Judgment
21 in Texas[.]") Defendants' response is silent with respect to
22 registering the judgment in districts other than Texas, however.

23   As section 1963 requires, the court has determined, that
24 "good cause" exists to allow FINOVA to register the Judgment in
25 the Northern District of Texas.  That finding of good cause is
26 based, among other things, upon the representation of FINOVA's
27 counsel that "it appears that none of the defendants owns any
28 assets in Arizona and that, to the extent that any of the

- 3 -

1 defendants currently owns assets at all, such assets are located
2 within the jurisdiction of the United States District Court for
3 the Northern District of Texas." Decl'n of Robert P. Simbro
4 (doc. 298) at 1-2, ¶ 3.  That good cause finding is supported by
5 the following additional factors:  (1) "a good portion (if not
6 all) of defendant's [sic] assets appear[] to be located in the
7 Northern District of Texas[;]" (2) "none of the defendants has
8 filed a supersedeas bond to preclude execution upon the judgment
9 pursuant to Rule 62(d), Federal Rules of Civil Procedure[;]" and
10 (3) "FINOVA would be able to use other (but less efficient) means
11 to domesticate its judgment anyway outside of Arizona."  Mot.
12 (doc. 297) at 1-2.

13    Based upon the foregoing, the court will allow the judgment
14 to be registered in the Northern District of Texas.  The court
15 will not, however, allow registration in any other districts
16 because FINOVA has not made the necessary showing that defendants
17 have assets in any districts other than the Northern District of
18 Texas.  See Blaine Larsen Processing, Inc. v. Hapco Farms, Inc.,
19 2000 WL 35539979, at *15 (D.Idaho 2000) (emphasis added)(citing
20 In re Southern Industrial Banking Corp. V. Avery, 121 B.R. 229,
21 231 (Bankr.E.D. Tenn. 1990) ("[G]ood cause must be demonstrated
22 for *each state* in which the Plaintiff seeks to register the
23 judgment."))

24 **II. *Alternative Security and Stay of Judgment***
25    ***A. Summary of Arguments***
26    Pursuant to Fed. R. Civ. P. 62(d), defendants are cross-
27 moving for a partial stay of execution of the judgment pending
28 appeal.  Defendants are seeking a stay only with respect to the

-4-

1  subject property. Defendants are seeking such a stay because
2  "Finova is insolvent and actively liquidating its assets to wind
3  up its business." Resp. & Cross-Mot. (doc. 302) at 3.  Thus,
4  defendants are concerned that if FINOVA is allowed to execute on
5  the judgment and foreclose on the property pending appeal, and
6  defendants succeed on appeal, they will be left without a remedy.
7  Defendants raise the prospect of FINOVA executing on the
8  judgment, selling the property and then, because of FINOVA's dire
9  financial situation, their not being able to seek restitution
10 from FINOVA.
11      To obtain a partial stay, in lieu of a supersedeas bond,
12 defendants are requesting that the court exercise its "wide
13 discretion" and approve an alternative form of security. Id. at
14 5.  More specifically, in exchange for a partial stay, defendants
15 would agree to be enjoined from engaging in several  activities
16 pertaining to the subject property.  For example, they would
17 agree to be enjoined from failing to make timely mortgage
18 payments, and from "encumbering, transferring, assigning, or
19 selling the Property." Id. at 3, ¶ ©.
20      Interestingly, in their memorandum defendants do not offer
21 to post a bond of any kind.  Their suggested alternative security
22 focuses exclusively on an injunction.  In the supporting
23 affidavit of defendant Richard Arledge, however, he avers that he
24 is "willing to post a [$10,000.00] bond as security for the
25 issuance of the injunctive relief being requested." Id., exh. 1
26 thereto (Aff. of Richard A. Arledge) at 5, ¶ 17.
27      FINOVA counters that the court should deny this cross-motion
28 because defendants are "merely offer[ing] to be subjected to the

1  same covenants under which they already are bound pursuant to
2  FINOVA's deed of trust on the subject property." Resp. (doc.
3  306) at 1.  Even if defendants "propos[ed]" injunction is deemed
4  to be "some form of additional security[,]" FINOVA contends that
5  denial is proper because defendants have not "satisf[ied] the
6  requirements for injunctive relief[,]" in that they have not
7  "establish[ed] a probability of success on the merits of their
8  appeal." Id. at 1-2.

9      Somewhat surprisingly, FINOVA does not comment upon
10 defendants' offer to post a $10,000.00 bond.  Perhaps FINOVA is
11 unaware of that offer since it does not appear in defendants'
12 memorandum.  In any event, it is safe to assume that FINOVA would
13 view such a bond wholly insufficient given that the judgment
14 exceeds $1.6 million dollars.

15     In their Reply, defendants dispute the applicable legal
16 standard.  Contrary to what FINOVA asserts, defendants assert
17 that the preliminary injunction standard does not apply here.
18 Rather, because defendants contend that they are seeking relief
19 in accordance with Rule 62(d), whether to grant a stay and allow
20 alternative security lies within the court's discretion under
21 that Rule.  Furthermore, defendants assert that the "alternative
22 security," in the form of the proposed injunction, actually
23 "places [FINOVA] in a better position." Reply (doc. 307) at 4.
24 FINOVA's position will be "enhance[d]," from defendants'
25 perspective, because while the appeal is pending, they "will be
26 paying approximately $5,000" monthly "in principal towards . . .
27 reduction of the first lien on the Property." Id. at 5.
28 Reduction of that first lien will mean, in turn, that "FINOVA's

1  second lien position will improve each month[.]" Id.  In light of
2  the foregoing, defendants maintain that the court should grant
3  their motion for alternative security and stay execution of the
4  judgment with respect to the subject property.

### B. Analysis

6  Generally enforcement of a final judgment is not stayed
7  during the pendency of an appeal.  See Fed. R. Civ. P. 62(a).
8  However, pursuant to Fed. R. Civ. P. 62(d), "an appellant may
9  obtain a stay of judgment by posting a supersedeas bond at or
10 after the time of filing of the notice of appeal." Kassel v.
11 U.S., 2007 WL 2729570, at *1 (N.D.Cal. 2007) (citation omitted).
12 "'The posting of a bond protects the prevailing plaintiff from
13 the risk of a later uncollectible judgment and compensates him
14 for delay in the entry of the final judgment.'" Id. (quoting
15 N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988)).  "Rule
16 62(d) is a purely procedural mechanism to preserve the status quo
17 during a stay pending appeal of a district court decision[.]"
18 Vacation Village, Inc. v. Clark County, Nev, 497 F.3d 902, 914
19 (9th Cir. 2007) (internal quotation marks and citation omitted).
20 "In lieu of a supersedeas bond, a court may allow for the
21 posting of alternate forms of security." American Color
22 Graphics, Inc. v. Travelers Property Cas. Ins. Co., 2007 WL
23 1520952, at *1 (N.D.Cal. 2007) (citing, *inter alia*, Townsend v.
24 Holman Consulting Corp., 929 F.2d 1358, 1367 (9th Cir. 1990) (*en
25 banc*)).  Of the "two recognized justifications for allowing . . .
26 alternative form[s] of security[,]" only one is being invoked
27 here – defendants' financial condition.  SIBIA Neurosciences,
28 Inc. v. Cadus Pharmaceutical Corp., 1999 WL 33554683, at *4

-7-

1  (S.D.Cal. 1999).  Essentially defendants contend that their
2  "present financial condition is such that the posting of a full
3  bond would impose an undue financial burden[]" on them.  See id.
4  (internal quotation marks and citations omitted).  When "the
5  posting of a full bond would impose an undue financial burden,
6  the court . . . is free to exercise a discretion to fashion some
7  other arrangement for substitute security through an appropriate
8  restraint on the judgment debtor's financial dealings, which
9  would furnish equal protection to the judgment creditor."  Id.
10 (internal quotation marks and citations omitted). Here,
11 defendants are suggesting an injunction, coupled with a
12 $10,000.00 bond as "substitute security."
13      Before deciding whether "substitute security" is proper
14 here, the court must resolve the issue of the applicable legal
15 standard.  Relying upon Lopez v. Heckler, 713 F.2d 1432 (9th Cir.
16 1983), as mentioned earlier, FINOVA contends that the court
17 should employ a preliminary injunction framework to resolve the
18 issue of whether defendants are entitled to a stay and
19 alternative security.   Employing that framework, FINOVA contends
20 that the court should deny this motion primarily because
21 defendants cannot show a "probability of success on the merits"
22 with respect to their appeal.  Resp. (doc. 306) at 5.
23 Defendants, on the other hand, urge the court to exercise its
24 "sound discretion[]" under Rule 62(d) and grant their motion.
25 Reply (doc. 307) at 3 (footnote omitted).
26      Faced with these same arguments, the court in Bolt v.
27 Merrimack Pharmaceuticals, Inc., 2005 WL 2298423 (E.D.Cal. 2005),
28 aff'd other grounds, 503 F.3d 913 (9th Cir. 2007), held that

- 8 -

1 Lopez "may very well" be "the appropriate standard for evaluating
2 a motion to stay injunctive relief pending appeal[,]" but that
3 "test is irrelevant in a case controlled by Rule 62(d)." Id. at
4 *2 (footnote omitted).  In so holding, the court astutely pointed
5 out that "[t]he Federal Rules of Civil Procedure impose distinct
6 standards for stays of judgments involving injunctions, see Fed.
7 R. Civ. P. 62©, and stays of other judgments, see Fed. R. Civ. P.
8 62(d)." Id. (other citation omitted).  Because the judgment
9 which defendants sought to stay in Bolt was "more akin to a money
10 judgment . . . than [to] injunctive relief[,]" the court held
11 that in deciding whether to grant an unsecured stay, it should
12 look to Rule 62(d).  Id. at *2 (footnote and citations omitted).
13    The same is true here.  Just because the alternative
14 security which defendants propose is in the form of injunctive
15 relief does not change the fact that they are seeking to stay a
16 monetary judgment as Rule 62(d) allows.  Thus, the court declines
17 to apply a preliminary injunction standard, as FINOVA urges.
18 Instead, the court will rely upon Rule 62(d) and the case law
19 construing that Rule.[2]
20    Defendants are seeking approval of alternative security
21 because they claim that they do not have "sufficient assets to
22 meet an insurance company's bonding requirements[]" for posting a
23 supersedeas bond.  Resp. & Cross-Mot. (doc. 302) at 3.  Defendant

---

[2] The court is fully cognizant that in Bolt the defendant was seeking an unsecured stay and defendants in the present case are seeking a secured stay (albeit nominal in the proposed form).  That distinction does not render Bolt inapplicable, however.  Critical to the court's decision to apply Rule 62(d) in Bolt was the form of the judgment – monetary versus injunctive relief – not the nature of the stay. And here, there is no doubt that the judgment for which a stay is sought is monetary; hence Rule 62(d) governs.

1   Richard Arledge explains that he has "investigated the
2   requirements for obtaining a bond in order to supercede the . . .
3   Judgment."   Id., exh. 1 thereto (Aff. of Richard A. Arledge) at
4   2, ¶ 4.  Mr. Arledge further avers that "in order to have an
5   insurance company post a bond in the amount of the . . .
6   Judgment, $1,663,809.42 plus interest, [he] [is] required to have
7   liquid assets totaling at least that much."  Id.  Mr. Arledge
8   claims "not [to] have liquid assets totaling anything near" that
9   amount, although he does not elaborate.  Id.  In light of the
10  foregoing, Mr. Arledge further avers that he is "unable to secure
11  the posting of a supercedeas [sic] bond through an insurance
12  company."  Id.  Finally, Mr. Arledge avers that he is
13  "financially unable to personally post a supercedeas [sic] bond
14  directly with the Court[,]" but again, he does not explain why.
15  See id.

16       In the exercise of its discretion under Fed. R. Civ. P.
17  62(d), the court grants defendants' motion for alternative
18  security, but not in the form which they are proposing.  Having
19  carefully considered the terms of defendants' proposed
20  alternative security, *i.e.* injunction, and taking into account
21  the Arledges' current obligations as grantors under the Deed of
22  Trust, the court finds the proposed injunction would not "furnish
23  equal protection to" FINOVA as the "judgment creditor."  See
24  SIBIA, 1999 WL 33554683, at *4 (internal quotation marks and
25  citation omitted).  The posting of a $10,000.00 bond, as
26  defendants offer, does not convince the court otherwise,
27  especially given the relative magnitude of the judgment.
28       To preserve the status quo, which is the goal here, the

1  court will require defendants to post a bond in the amount of
2  $228,137.97, which, according to Mr. Arledge, was the approximate
3  amount of equity in the subject property as of August 1, 2007.
4  <u>See</u> Resp. & Cross-Mot. (doc. 302), exh. 1 thereto (Aff. of
5  Richard A. Arledge) at 4, ¶ 12.  Thus, the court grants
6  defendants' motion for alternative security under Rule 62(d)
7  (doc. 302), but it is requiring the posting of a bond as just
8  described.  Defendants' motion for a partial stay of execution is
9  conditionally granted upon the posting of such a bond (doc. 302).
10      For the reasons set forth above, the court:
11      (1) GRANTS "FINOVA's Motion for Entry of Order Allowing
12  Registration of Judgment Under 28 U.S.C. § 1963" (doc. 297) to
13  the extent it is seeking to register the judgment in the Northern
14  District of Texas, but DENIES that motion in all other respects;
15  and
16      (2) GRANTS defendants' "Cross-Motion to Approve Alternative
17  Bond" (doc. 302) and requires defendants to post a bond in the
18  amount of $228,137.97; and
19      (3) GRANTS defendants' motion for a partial stay of
20  execution as to the subject property upon the CONDITION that
21  defendants post a bond in the amount of $228,137.97 (doc. 302).
22      DATED this 26th day of March, 2008.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to all counsel of record

- 12 -